UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID BARDELL WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-13-971-F ) |
| MS. COX et al., | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff David Bardell Williams, a state prisoner appearing pro se, brings this federal civil rights action against Defendants "Ms. Cox," "N. Chavez," and Hector Rios, who is Warden of Lawton Correctional Facility ("LCF")[1] (collectively, "Defendants"). Plaintiff alleges the violation of his Eighth and First Amendment rights under the United States Constitution in connection with the provision of a specific vegetarian diet while he was incarcerated at LCF. *See* Am. Compl. (Doc. No. 17). United States District Judge Stephen P. Friot has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636.

Defendants have filed a Motion for Summary Judgment (Doc. No. 29). Plaintiff did not file a responsive brief within the allotted time or thereafter. *See* LCvR 7.1(g), 56.1(c). Defendants additionally have filed a Special Report ("S.R.," Doc. No. 28) in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Accordingly,

---

[1] *See* Okla. Dep't of Corr., *Lawton Correctional Facility*, http://www.ok.gov/doc/Organization/Field_Operations/West_Institutions/Lawton_Correctional_Facility.html (last visited Oct. 31, 2014).

Defendants' Motion for Summary Judgment is now at issue. Having considered the arguments, pleadings, and evidentiary materials, the undersigned recommends that Defendants' Motion for Summary Judgment be GRANTED.

STANDARD OF REVIEW

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim. The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the Court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

A party that moves for summary judgment has the burden of showing that the undisputed material facts require judgment as a matter of law in its favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To defeat summary judgment, the nonmovant need not convince the Court that it will prevail at trial, but it must cite sufficient evidence admissible at trial to allow a reasonable jury to find in the nonmovant's favor—i.e., to show that there is a question of material fact that must be resolved by the jury. *See Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). Parties may establish the existence or nonexistence of a material disputed fact through:

- citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" in the record; or

- demonstration "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A)-(B).

A defendant seeking summary judgment on the basis of an affirmative defense must show that the undisputed material facts establish *all* of the elements of the defense. *See Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997) ("The defendant . . . must demonstrate that no disputed material fact exists regarding the affirmative defense asserted."). If the defendant meets this burden, the burden shifts to the plaintiff to cite evidentiary material that shows there is a genuine factual dispute as to one or more elements of the affirmative defense, absent which summary judgment should be granted in favor of the defendant. *Id*.

Although the Court generally views the evidence in the light most favorable to Plaintiff as the nonmoving party, because Plaintiff did not respond to Defendants' Motion and did not specifically controvert the statement of material facts set forth therein, these facts are "deemed admitted for the purpose of summary judgment." *See* LCvR 56.1(c); Defs.' Mot. Summ. J. (Doc. No. 29, at 2) ¶¶ 1-7 (Statement of Material Facts);[2] *accord* Fed. R. Civ. P. 56(e)(2). The record reflects that Plaintiff had notice of Defendants' Motion, which was filed March 31, 2014. The Certificate of Mailing filed by Defendants' attorney avers that, on the date the Motion was filed, a copy was mailed to Plaintiff at the address on file with the Court via U.S. Mail. Defs.' Mot. Summ. J. at 11.

---

[2] References to the material facts stated in Defendants' Motion for Summary Judgment are given as "Material Facts ¶ __."

Further, Plaintiff was on notice of his opportunity to respond and the possible consequences of not responding. Both the federal and local civil rules discuss the filing of a response to a motion for summary judgment and the actions the Court may take if no response is filed. *See* Fed. R. Civ. P. 56(c), (e); LCvR 7.1(e), (g), 56.1(c); *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (holding that while a pro se litigant's pleadings will be construed liberally, such a litigant nevertheless must comply with the same rules of procedure as are binding on other litigants).

Even without a response from Plaintiff, however, the Court still must determine whether judgment for the moving party is appropriate under Federal Rule of Civil Procedure 56. *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002).

> [A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is "appropriate" under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.

*Id.* at 1195.

In other words, although certain facts are deemed admitted, Defendants' Motion is not confessed, as the undersigned still must decide whether Defendants are entitled to judgment as a matter of law based upon the material facts asserted and properly supported in the Motion and applicable legal principles. *See* Fed. R. Civ. P. 56(a), (c),

(e)(3); LCvR 56.1(b); *Reed*, 312 F.3d at 1195-96. In undertaking this assessment, the undersigned has treated Plaintiff's verified Amended Complaint—as to the factual allegations in support of his constitutional claims—as an affidavit for summary judgment purposes. *See Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988); Am. Compl. (Doc. No. 17); Fed. R. Civ. P. 56(c)(4). Out of an abundance of caution, the undersigned also has considered Plaintiff's initial, now-superseded Complaint (Doc. No. 1) and the supporting documents attached thereto (Doc. No. 1-1).

## PLAINTIFF'S CLAIMS

Plaintiff's 42 U.S.C. § 1983 claims arise out of events occurring at LCF, which is located in Lawton, Oklahoma, and is a private prison owned and operated by GEO, Inc. ("GEO") pursuant to a contract between GEO and the Oklahoma Department of Corrections ("ODOC"). Am. Compl. at 1; Material Facts ¶¶ 1-2. During all times relevant to this lawsuit, Plaintiff was incarcerated at LCF, and Defendants were employed by GEO and worked at LCF. Am. Compl. at 1-3; Material Facts ¶¶ 1, 3. Plaintiff now is incarcerated at another facility. Am. Compl. at 1-3; Doc. No. 8.

Plaintiff alleges that as a "Hebrew Israelite," he is required to have a vegetarian diet. Am. Compl. at 1. Plaintiff alleges that Defendants have supplied him with a religiously compliant diet, but that this diet is nutritionally deficient in light of his allergy to beans. *Id*. Specifically, Plaintiff alleges that Defendants have refused to supply him with a "viable substitute" for beans in the prison's food service, "resulting in [Plaintiff] suffering lack of calories, lack of sufficient nutrients," "loss of 30 pounds over 4 months, vomiting, lethargy and emotional distress." *Id.* at 2. Plaintiff asserts that Defendants'

5

refusal to document his bean allergy and to resolve his dietary requests arising therefrom constitutes cruel and unusual punishment in violation of the Eighth Amendment and violates Plaintiff's First Amendment right to free exercise of religion. *Id.* at 2-3. Plaintiff seeks compensatory and punitive damages as well as costs and fees. *Id.* at 4.

ANALYSIS

Defendants seek summary judgment on the basis of their affirmative defense that Plaintiff's claims are barred because Plaintiff did not, prior to commencing this lawsuit, exhaust his available administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), codified in pertinent part at 42 U.S.C. § 1997e(a). *See* Defs.' Mot. Summ. J. 2, 3-5; S.R. (Doc. No. 28) at 5; S.R. Ex. 29, Mark Knutson Aff. (Doc. No. 28-29) ("Knutson Aff.") ¶ 7. *See generally Jones v. Bock*, 549 U.S. 199, 219-20 (2007) ("All [courts] agree that no unexhausted claim may be considered.").

1. The PLRA

The PLRA provides that no action under 42 U.S.C. § 1983 may be brought by a prisoner regarding conditions of confinement "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90, 93-103 (2006) (explaining that Section 1997e(a) requires "proper exhaustion"—i.e., "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (internal quotation marks omitted)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91.

6

2. The Oklahoma Department of Corrections' Offender Grievance Process

ODOC has adopted an Offender Grievance Process, OP-090124, through which a prisoner in its custody may seek formal administrative decisions or answers to complaints. *See* S.R. Ex. 26, OP-090124 (eff. Jan. 29, 2013) (Doc. No. 28-26). The ODOC Grievance Process requires an inmate initially to attempt informal resolution of the complaint by speaking to an appropriate staff member within three days of the relevant incident. *Id.* § IV(B). If the inmate is dissatisfied after this initial attempt, then he or she may submit a written "Request to Staff" within seven days of the incident. *Id.* § IV(C). This first informal level may be bypassed only if the complaint involves a sensitive topic or an emergency. *Id.* § VIII(A).

The next level of the ODOC Grievance Process is the filing of a formal Grievance. If dissatisfied with the response received from a Request to Staff, the inmate may file a grievance within fifteen days of the incident or of the date of the response to the Request to Staff, whichever is later. *Id.* § V(A)(1). The grievance is submitted to either the facility's Reviewing Authority or, if medical in nature, the Correctional Health Services Administrator ("CHSA"). *Id.* § V(B)(1). This level may be bypassed only if the grievance involves a sensitive topic concerning the Reviewing Authority or CHSA. *Id.* § VIII(A)(4).

The final level of the ODOC Grievance Process is the filing of a grievance appeal. If dissatisfied with the response to a grievance, the inmate may file a grievance appeal within fifteen days of the date of the response. *Id.* § VII(A), (B). The grievance appeal is submitted to the Administrative Review Authority ("ARA") or, if a medical grievance,

7

the Chief Medical Officer ("CMO"). *Id*. § VII(B). The ruling of the ARA or CMO is final and concludes the administrative remedy procedures available through ODOC. *Id*. § VII(D)(1).

The ODOC Grievance Process includes mechanisms for prisoners to seek relief if they fail to receive a response from a Request to Staff or a grievance. If there has been no response to a Request to Staff "in 30 calendar days of submission," the inmate may file a grievance with the facility's Reviewing Authority on the ground of nonresponsiveness. *Id.* § IV(C)(7). If there has been no response to a grievance within 30 days of its submission, the inmate may send a grievance to the ARA or the CMO on the ground of nonresponsiveness. *Id.* § V(C)(4).

### 3. Plaintiff's Efforts to Exhaust Administrative Remedies

Plaintiff undisputedly submitted several documents to LCF officials, purportedly using the ODOC Grievance Process framework, that requested relief on his primary complaint—refusal of a vegetarian diet containing a bean substitute—underlying Plaintiff's First and Eighth Amendment claims. *See* Am. Compl. at 4; Defs.' MSJ at 4; S.R. Exs. 27-29 (Doc. Nos. 28-27, 28-28, 28-29).[3] The documents in the record show

---

[3] Although there is documentation in the record reflecting requests for and provision of health care services to Plaintiff for issues allegedly related to the lack of a sufficient bean-free diet, the claims of Plaintiff's Amended Complaint are directed only at Defendants' failure to supply his requested diet. Plaintiff does not assert any separate civil rights claims arising from medical and mental health treatment received at LCF. *See* Am. Compl. at 1-3. *See generally* Doc. No. 1-1, at 3-5, 14; S.R. Exs. 3-23 (Doc. Nos. 28-3 to 28-23); Material Facts ¶ 4; ODOC: Access to Health Care, OP-140117 (eff. Aug. 21, 2014), http://www.ok.gov/doc/documents/op140117.pdf.

that Plaintiff failed to exhaust his administrative remedies with respect to his constitutional claims, as outlined below.

The record reflects that Plaintiff submitted Grievance No. 13-203 to the Reviewing Authority for LCF, requesting that beans be taken out of his diet "due to religious reasons, and because they cause disgusting gas." S.R. Ex. 28, at 1-2. Plaintiff dated his Grievance May 30, 2013, but the document bears a stamp and notation showing that the Grievance was not received by prison staff until June 3, 2013. S.R. Ex. 28, at 1. In the Grievance, Plaintiff cited (and attached thereto) a Request to Staff dated May 27, 2013, in which Plaintiff likewise sought "[t]o be allowed a non-bean Vegetarian diet, [due] to faith and religion[.] It is my right Department of Corrections Offender Opps, United States Constitution, Civil law 1983." S.R. Ex. 27, at 1; *see* S.R. Ex. 28, at 1.[4]

Plaintiff's Grievance was returned unanswered on June 5, 2013, on the primary ground that Plaintiff had not adequately shown that he had submitted a Request to Staff and received (or not received) a response. S.R. Ex. 28, at 3 (listing deficiencies of, among other things, "No informal action taken, Request to Staff response"; "No time stamp"; "Not logge[d]"). In other words, there was no evidence on the face of the documents submitted by Plaintiff with Grievance 13-203 that Plaintiff had ever actually

---

[4] In Grievance 13-203, Plaintiff referred to a prior request for a special diet, which he alleges a Dr. Pine and the GEO Chaplain both denied on May 23, 2013, on the respective bases that "medical has noth[ing] to do with" Plaintiff's diet and that Plaintiff did not qualify for any special diet. S.R. Ex. 28, at 1-2; *cf.* S.R. Ex. 8 (Doc. No. 28-8) (health services request dated May 23, 2013, bearing a response that instructs Plaintiff not to eat beans but contains no language regarding a special diet or reference to medical services). There is no evidence in the record that Plaintiff submitted a grievance or grievance appeal relating to any May 23, 2013 action by Dr. Pine or the GEO Chaplain.

9

submitted his May 27, 2013 Request to Staff to a staff member for resolution, and, further, there was no indication on the underlying documents that a staff member had responded to the Request to Staff. *See* S.R. Ex. 27, at 1-2. Even assuming for summary judgment purposes that Plaintiff did submit the Request to Staff to a staff member on or about May 27, 2013,[5] the Reviewing Authority was authorized to reject Grievance 13-203 based upon the lack of any indicia or evidence to that effect. *See* OP-090124 § IV(C)(7) (prescribing that inmate grieving the lack of response must include "evidence of a copy of the log maintained by the law library supervisor that the Request to Staff had been filed and no answer was received").[6]

There is no evidence or contention in the record that Plaintiff attempted to resubmit the Grievance or that Plaintiff appealed to the ARA or otherwise sought further

---

[5] Because Grievance 13-203 was filed no later than June 3, 2013, it would have been premature for Plaintiff at that time to grieve a lack of response to a May 27, 2013 Request to Staff. *See* OP-090124 § IV(C)(7) (permitting an inmate to grieve the lack of response to a Request to Staff "[i]f there has been no response in 30 calendar days of submission"). It likewise would be proper for the Reviewing Authority to reject a grievance on that basis. *See* OP-090124 §§ II(C), VI(B)(6).

[6] Grievance 13-203 also was rejected as "Out of time from the date of the incident" and "Out of time from the date of the response to the request to staff until filing of grievance with Warden." S.R. Ex. 28, at 3. Pursuant to OP-090124 § V(A)(1), "[t]he offender grievance must be submitted by the complaining offender within 15 calendar days of the incident or the date of the response to the 'Request to Staff' form, whichever is later." In the Grievance, Plaintiff states that May 23, 2013, was the operative date of the incident being grieved. *See* S.R. Ex. 28, at 1-2. Contrary to the face of the notice given to Plaintiff, Grievance 13-203 (which was submitted no later than June 3, 2013) was timely under either prong of § V(A)(1), if it is assumed that the May 27, 2013 Request to Staff was actually submitted for disposition. The Reviewing Authority's rejection was not justified to the extent it was based on these additional reasons, but the disposition of the Grievance was nonetheless authorized due to the primary deficiency of the lack of any indicia or evidence of a properly submitted Request to Staff, as discussed above.

relief through the administrative process regarding his rejected Grievance. *See* S.R. Ex. 28, at 3; OP-090124 §§ V(A)(7), VI(B)(6), VII(B); Knutson Aff. ¶ 7 ("Offender Williams has not filed a grievance or grievance appeal with ARA regarding a vegetarian diet.") (Doc. No. 28-29). The Reviewing Authority additionally noted in returning the Grievance: "This has been handled informally. This issue was brought up when you were in Seg. You have no al[l]ergies to beans or meat. Gas & constipation [are] not a reason." S.R. Ex. 28, at 3. To the extent this notation constitutes an answer on the merits of Plaintiff's Grievance, Plaintiff did not appeal this substantive disposition to the ARA, as he was permitted to do pursuant to the Offender Grievance Process. *See* OP-090124 § VII.

### 4. Plaintiff's Failure to Properly Exhaust Administrative Remedies

The mandatory administrative remedy exhaustion requirement, *see Jones*, 549 U.S. at 211, applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim . . . ." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *see also Woodford*, 548 U.S. at 90. As support for the requested entry of summary judgment, Defendants have submitted a sworn verification from the Executive Assistant to the LCF Warden, who stated that the Special Report, which includes the documentation of Plaintiff's informal and formal administrative requests for relief, was true and correct to the best of his knowledge and belief. *See* S.R. at 6, Bill Gibson Aff.; Fed. R. Civ. P. 56(c)(4). *See*

*generally* OP-090124 § X(B). Defendants also have submitted a sworn affidavit from Mark Knutson, the Manager of the ARA at the ODOC Administrative Offices, who has access to the offender grievance records maintained by the ARA. Knutson Aff. ¶¶ 1, 5; Fed. R. Civ. P. 56(c)(4). Mr. Knutson attests that he has reviewed the records for Plaintiff and found that Plaintiff has not filed a grievance or a grievance appeal with the ARA regarding a vegetarian diet. Knutson Aff. ¶¶ 6-7.

Upon review of the arguments and evidentiary materials presented by the parties, the undersigned concludes that Plaintiff did not fully exhaust his administrative remedies with respect to any of the claims in his Complaint. There is no reasonable dispute that Plaintiff never properly presented his relevant grievance, "in accordance with the applicable procedural rules," through all available levels of administrative review. *See Woodford*, 548 U.S. at 88, 90. Plaintiff filed several documents pursuant to OP-090124, but his submissions never culminated in a timely and procedurally proper grievance—much less a grievance or grievance appeal *to the ARA*—as required to complete that process. Absent such action, prison officials were not able to reach the merits of the claims underlying Plaintiff's Complaint for purposes of the PLRA and this Court is barred from hearing his action. *See* 42 U.S.C. § 1997e(a); *Brewer v. Mullin*, 130 F. App'x 264, 265 (10th Cir. 2005) ("Simply presenting a defective or non-complying grievance . . . does not constitute exhaustion of remedies."); *Church v. Okla. Corr. Indus.*, No. CIV-10-1111-R, 2011 WL 4376222, at *6 (report and recommendation of Couch, J.) ("Plaintiff failed to exhaust administrative remedies. Plaintiff made many attempts to exhaust the issue . . . , but each time Plaintiff did not follow the grievance

process."), *adopted*, 2011 WL 4383225 (W.D. Okla. Sept. 20, 2011), *aff'd*, 459 F. App'x 806 (10th Cir. 2012).

The fact that Defendants returned Grievance 13-203 to Plaintiff unanswered does not excuse Plaintiff from the requirement that he exhaust administrative remedies. The ODOC Grievance Process expressly authorizes prison officials to return grievances and grievance appeals unanswered if the inmate fails to follow instructions. *See, e.g.*, OP-090124 §§ II(C) (directing that an untimely grievance "will be returned unanswered"), V(A)(7) (stating that if offender fails to follow instructions the grievance "may be returned unanswered for proper completion"), VII(B)(1)(e) ("The [ARA] has the authority to return grievances and grievance appeals unanswered when they . . . fail to be filed in accordance with this procedure."), VII(B)(5) ("Grievances and grievance appeals . . . which are not filed in accordance with this procedure will be returned unanswered."); *see also Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (noting that "the prison's procedural requirements define the steps necessary for exhaustion"). "[D]efendants did not make the exhaustion process unavailable to [Plaintiff] by returning his documents unanswered." *See Thomas v. Parker*, 609 F.3d 1114, 1118 n.2 (10th Cir. 2010). Upon the return of Grievance 13-203, Plaintiff was obligated under the ODOC Grievance Process to (1) attempt to resubmit a procedurally compliant grievance; or (2) submit a grievance appeal to the ARA. *See* OP-090124 §§ V(A)(7), VII(A), VII(B). There is no evidence to suggest that Plaintiff took either of these steps.

Considering the facts alleged by both parties in the light most favorable to Plaintiff as the nonmoving party, such facts are insufficient to "demonstrate with specificity the

existence of a disputed material fact" on the issue of whether Plaintiff exhausted his administrative remedies. *See Hutchinson*, 105 F.3d at 564. The undisputed material facts show that Plaintiff never properly submitted a grievance or grievance appeal to the ARA relating to his allegations against Defendants, as was required to complete the ODOC Grievance Process. *See Woodford*, 548 U.S. at 90; *cf. Jackson v. Workman*, 391 F. App'x 724, 725 (10th Cir. 2010) (holding that plaintiff failed to exhaust administrative remedies when he had not filed grievance appeal). Substantial compliance with ODOC's "'deadlines and other critical procedural rules'" does not suffice under the PLRA. *Craft v. Null*, 543 F. App'x 778, 779 (10th Cir. 2013) (quoting *Woodford*, 548 U.S. at 90); *Jernigan*, 304 F.3d at 1032.

None of the evidence in the record, even when construed in favor of Plaintiff, creates a genuine question of fact that would prevent the conclusion that Plaintiff failed to exhaust his administrative remedies prior to commencing his federal claims against Defendants. "[E]xhaustion is mandatory under the PLRA[,] and . . . unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. Accordingly, the undersigned finds that Defendants' affirmative defense of nonexhaustion of administrative remedies is established as a matter of law, and, therefore, summary judgment should be entered in Defendants' favor.[7]

---

[7] In light of this recommendation, the undersigned need not address Defendants' alternative arguments in support of summary judgment.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment (Doc. No. 29) be GRANTED.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by November 21, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties further are advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 31st day of October, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE